

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable S.B. Buchanan, Jr.
County Attorney
Val Verde County
Del Rio, Texas

Dear Sir:

Opinion No. O-5610
Re: Validity of order of County
Board of School Trustees changing
boundary lines of school districts
and other related questions.

We received your letter requesting our opinion,
which is self-explanatory and reads, in part, as follows:

"The following questions have arisen:

"Is the territory deleted from Langtry Common School
District and added to Pandale Common School District by
action of the County Board of Trustees of July 10, 1928,
subject to taxation by Langtry Common School District for
general purposes and bond purposes, or either?

"Is the territory deleted from Pandale Common School
District and added to Juno Common School District by action
of the County Board of Trustees of July 10, 1928, subject
to taxation by Juno Common School District?

"The boundaries of common school districts of Val
Verde County as originally defined by the commissioners'
court were recorded in the 'Record of School Districts'
in the office of the County Clerk of Val Verde County
in the year 1901.

"The minute book of the county school trustees in
minutes dated July 10, 1928, reflects that by an act of
the board changes in the boundaries were set forth in the
order and certified copy thereof was ordered to be made
and filed in the county clerk's office.

Honorable S. B. Buchanan, Jr., page 2

"The effect of the order of July 10, 1928, was to delete certain territory of the Pandale Common School District and to add said territory to the Juno Common School District, and to delete certain territory of the Langtry Common School District and to add said territory to Pandale Common School District. No certified copy of the order was filed or recorded in the Record of School Districts for Val Verde County or in any other record in the County Clerk's office.

"The Tax Assessor's and Collector's offices did not make any change in the assessment and collection of the taxes for the common school districts, but continued to assess and collect taxes in accordance with the original boundaries.

"On December 16, 1933, Langtry Common School District voted a bond issue and bonds were issued against the district. The certificate issued from the County Clerk's office of Val Verde County and filed in the bond register on March 28, 1934, in the office of the State Comptroller, set up the original boundaries of the Langtry Common School District certifying that they were the boundaries of the Langtry Common School District as shown by the records in the office of the County Clerk of Val Verde County, Texas. The tax rate of the Langtry Common School District was substantially raised and has been collected on all land lying within the original boundaries of the Langtry Common School District, as shown by the records in the County Clerk's office, recorded in the year 1901, down to date.

"The minutes of the County Board of Trustees dated September 9, 1954, shows that a request was made that a copy be prepared of the boundary lines of the school districts of this county as used by the Tax Assessor.

"Thereafter for a considerable period no minutes were kept and thus any action which might have been taken by the board is not available.

"On October 31, 1940, the Juno Common School District placed on record the boundary lines set up for their district in the minutes of July 10, 1928, and the office of the Tax Assessor and Collector assessed and collected taxes for the Juno Common School District on the basis of the new boundary lines.

Honorable S. B. Buchanan, Jr., page 3

"Pandale Common School District thereupon demanded that the 1928 boundary line be followed as between it and the Langtry Common School District and that all taxes collected on that part of the district claimed by Langtry Common School District under the original boundaries of 1901 and upon which bonds were issued in 1933 be apportioned to them."

". . .

"Until October 31, 1940, no recognition had been made of boundaries set up by the order of July 10, 1928, so far as the assessment, collection and apportionment of taxes were concerned or for the purpose of issuing bonds."

It seems that the boundaries of the common school districts in question were recorded in the "Record of School Districts" in the office of the County Clerk of Val Verde County in 1901. It appears that the County Board of Trustees on July 10, 1928, promulgated an order changing the boundary lines of the common school districts named in your letter and it appears that a certified copy of said order was ordered filed in the office of the county clerk.

We quote from Article 2681, Vernon's Annotated Civil Statutes, as follows:

"The county school trustees are authorized to exercise the authority heretofore vested in the commissioners' court with respect to subdividing the county into school districts, and making changes in school district lines. Said trustees shall call an annual joint meeting of the district and county school trustees of the county to be held at the county seat at some convenient season in August or September of each year, to be presided over by the chairman of the county school trustees. They shall consider questions dealing with the location of high schools and the teaching of high school subjects, the classification of schools and such other matters as may pertain to the location, conduct, maintenance and discipline of schools, the terms thereof, and other matters of interest in school affairs of the county, and the county school trustees shall be guided in their action by the result of the deliberation of such meeting, not inconsistent with law. The county school trustees may also call other meetings of the district school trustees, when deemed necessary by them, or on

Honorable S. B. Buchanan, Jr., page 4

the petition of a majority of such district school trustees. The county superintendent, as secretary of the county school trustees, shall keep an accurate and complete record in a well bound book provided for the purpose, the field notes of all changes made in school district lines, and of all proceedings of the county school trustees. A certified copy of such change in a school district line shall be made and transmitted by the county superintendent to the county clerk, and the county clerk shall record the field notes and certified copy of such change in a well bound book to be designated as the 'Record of School Districts.'" (Underscoring ours)

From the facts, it appears that the County Superintendent never filed a certified copy of the County School Trustees' order, passed July 10, 1928, in the County Clerk's office for recordation, as required of him by Article 2691, supra.

Article 2741, Vernon's Annotated Civil Statutes, reads in part as follows:

"All School Districts, including Common School Districts, Independent School Districts, Consolidated Common School Districts, Consolidated Independent School Districts, County Line School Districts, Consolidated County Line School Districts, and Rural High School Districts, whether created by General or Special law in this State and heretofore laid out and established or attempted to be established by the proper officers of any County or by the Legislature of the State of Texas and heretofore recognized by either State or County authorities as School Districts, are hereby validated in all respects as though they had been duly and legally established in the first instance;" (Underscoring ours)

It is to be noted that the above statute validates a particular district as it was heretofore recognized by the State or County authorities. Another validating statute, Article 2815g-25, is to the same effect. The point we wish to make is that no one seemed to recognize or give any effect to the order of the County Board of Trustees, dated July 10, 1928, changing the boundary lines of the school districts in question.

It seems that on October 31, 1948, the Juno Common School District placed on record the boundary lines set up for that district in the order of the County Board of Trustees, dated July 10, 1928.

Honorable S. B. Buchanan, Jr., page 5

It is the opinion of this Department, based upon the facts set out in your letter, that the act of the Juno Common School District in recording the change of boundary lines pertaining to its district as contained in the purported order of the County Board of Trustees dated July 10, 1928, is wholly void and without any legal effect insofar as it changes any boundary lines.

The Juno Common School District has no legal authority to change its boundary lines. Although the County Board did pass an order on July 10, 1928, which would have the effect of changing the boundary lines of several common school districts, including the Juno District, nevertheless, such order was never recorded as provided by the statute, and from the facts we have it appears that such order may have been abandoned. Especially would this seem true when it appears that taxes were levied and collected as though the purported order of July 10, 1928, never of....d; that bonds were voted and issued as though said order never existed; and that the County Superintendent, as the statutory Secretary of the Board, never filed a certified copy of said order with the County Clerk for recordation as required by Article 2681, supra.

We are of the opinion that the boundary lines of the school districts in question were not affected by the purported order of the County Board of Trustees dated July 10, 1928, or the act of the Juno Common School District in recording certain changes on October 31, 1940.

We trust that we have satisfactorily answered your question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Sign Lee Shoptaw
Lee Shoptaw
Assistant

LS:AMM

APPROVED SEP 23, 1941

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY